**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL BIRCHETT, JR., et al.,

    Plaintiffs,

v.                                                        Case No. 07-CV-12939-DT

APARTMENT INVESTMENT AND
MANAGEMENT COMPANY, et al.,

    Defendants.
                                                        /

**OPINION AND ORDER GRANTING MOTION TO APPROVE SETTLEMENT**
**AND CONDITIONALLY DISMISSING CASE**

      Before the court is the parties' joint "Motion to Approve Settlement," filed on October 10, 2008. No opposition notices or briefs have been filed. The court has reviewed the motion and concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2).

      Although this case was filed as a class action case, no class has yet been certified. Accordingly, the formal proceedings for approving a class action settlement do not apply. *See* Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a *certified* class may be settled, voluntarily dismissed, or compromised only with the court's approval.") (emphasis added). Nonetheless, where, as here, "employees bring a private action for back wages under the [Fair Labor Standards Act], and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). The parties propose, and the court agrees, that in

order to determine whether the settlement is fair, the court should employ the same standard as would be applicable under Federal Rule of Civil Procedure 23, that is, whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e) . Here, the court finds that the proposed settlement meets this standard. In making this determination, the court recognizes that "[b]ecause the very point of compromise is to avoid determining contested issues and to avoid the expense and uncertainty of litigation, the court should not "decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands*, 450 U.S. 79, 88 n.14 (1981). Inasmuch as the court finds the settlement to be "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e),

IT IS ORDERED that the "Motion to Approve Settlement" [Dkt. # 35] is GRANTED.

IT IS FURTHER ORDERED that the above-entitled action is DISMISSED without prejudice. Either party can move to reopen this case by **January 30, 2009,** if settlement is not finalized. After **January 30, 2009,** this dismissal will be with prejudice.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 26, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 26, 2008, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\07-12939.BIRCHETT.ApproveSettlement.chd.wpd